MINUTE ENTRY
KNOWLES, M.J.
DECEMBER 10, 2012

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **OFFSHORE MARINE CONTRACTORS, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-4151** |
| **PALM ENERGY OFFSHORE, L.L.C., ET AL.** | **SECTION "R" (3)** |

On this date, Offshore Marine Contractors, Inc.'s Motion for Protective Order and for Sanctions [Doc. #96], the Motion to Compel Depositions [Doc. #101][1] and Offshore Marine Contractors, Inc.'s Motion to Quash, for Protective Order and Sanctions [Doc. #102] came on for oral hearing by telephone before the undersigned.  Present were Martin Bohman and Victor Loraso on behalf of plaintiff ("OMC"), Bob Reich on behalf of defendant Chet Morrisson Services, L.L.C. ("Chet") and Paul Goodwine on behalf of defendant Palm Energy Offshore, L.L.C.  For the reasons stated at the oral hearing and those outlined below,

**IT IS ORDERED** that Offshore Marine Contractors, Inc.'s Motion for Protective Order and for Sanctions [Doc. #96], the Motion to Compel Depositions [Doc. #101] and Offshore Marine

---

[1] The Court recognizes that it originally set Doc. #96 for oral hearing on December 19, 2012.  Having reviewed the motion, however, the Court finds that it is inextricably intertwined with Doc. #101 and #102.  The Court therefore resolves this motion at this time.

MJSTAR(00:20)

Contractors, Inc.'s Motion to Quash, for Protective Order and Sanctions [Doc. #102] are GRANTED IN PART and DENIED IN PART as outlined below:

(1) Should the parties obtain an extension of the discovery deadline from the District Court, the parties shall take the Rule 30(b)(6) deposition of OMC and the individually-noticed depositions **no later than thirty (30) days from the date of this Minute Entry.** The Court does not find that any of the individually-noticed depositions should be of a lengthy nature, and counsel for Chet is to exercise his judgment, and, at the soonest possible time, cancel those depositions that are cumulative or duplicative.

(2) Counsel for Chet is urged to narrow the areas of inquiry in the notices of deposition. While the Court recognizes that discovery is broad, and that there is a difference between discoverability and admissibility, the Court finds many of the areas of inquiry broader than necessary. The Court can not parse through each area of inquiry to determine whether to allow or to disallow a certain question by counsel for Chet. This Court simply can not divine the precise questions that counsel may ask based on a listed area of inquiry. That is a premature request.

(3) Should the parties find themselves at an impasse at any of the depositions, the parties are ordered to continue the deposition as to the areas of inquiry to which they agree. The parties are to make their objections to those disputed areas of inquiry and file the appropriate motion with this Court to determine whether a supplemental deposition will occur, should circumstances so warrant.

_____
**DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE**