```
                      UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF LOUISIANA

OFFSHORE MARINE CONTRACTORS, INC.              CIVIL ACTION

VERSUS                                         NO: 10-4151

PALM ENERGY OFFSHORE, L.L.C. AND               SECTION: R
CHET MORRISON WELL SERVICES, L.L.C.
```

### ORDER AND REASONS

Before the Court is plaintiff's motion to strike the jury,[1] which defendant Chet Morrison Well Services, L.L.C. opposes.[2] For the following reasons, the Court GRANTS plaintiff's motion.

### I.   BACKGROUND

Plaintiff Offshore Marine Contractors, Inc. seeks to recover charter fees and repair costs owed for defendants' charter of plaintiff's vessel, the L/B Nicole Eymard. Plaintiff alleges that defendants chartered its vessel for use on a job in the Gulf of Mexico. The vessel became stuck while working on a well, and its legs were removed to free it. Plaintiff contends that defendants owe charter fees for the time that the vessel was in use, as well as the costs of repair and lost charter fees.

---

[1]   R. Doc. 122.

[2]   R. Doc. 132.

In its complaint, plaintiff states that its claim is "an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure", with jurisdiction based on maritime law.[3] Plaintiff moves to strike the jury trial requested by defendant Chet Morrison on the ground that plaintiff's identification of its claim as an admiralty or maritime claim precludes defendants' right to request a jury trial.

## II.  DISCUSSION

Federal Rule of Civil Procedure 9(h) permits a plaintiff to include in his complaint "a statement identifying the claim as an admiralty or maritime claim" for the purposes of, *inter alia,* Rule 38(e). Fed. R. Civ. P. 9(h). Rule 38(e), in turn, provides that the Federal Rules "shall not be construed to create a right to trial by jury of the issues in an admiralty or maritime claim within the meaning of Rule 9(h)." Fed. R. Civ. P. 38(e); *see also Smith v. ENSCO Offshore Co.,* 181 F.3d 97, at *1 (5th Cir. 1999) ("Ordinarily, when a case involves admiralty or maritime claims, the plaintiff does not have a right to a jury trial.").

Here, plaintiff has expressly invoked the Court's admiralty jurisdiction under Rule 9(h). Defendant does not contend that

---

[3]    R. Doc. 1.

2

plaintiff has not asserted admiralty claims. Rather, defendant argues that plaintiff also sets forth state claims, and thus defendant may request a jury trial. It is true that plaintiff attached to its complaint a letter sent from an attorney representing defendant Palm Energy Offshore, LLC, in which Palm rejected plaintiff's contention that Palm owed fees pursuant to Louisiana's open account statute, La. Rev. Stat. § 9:2781.[4] Plaintiff's complaint also cites the existence of an open account.[5]

Yet, this demand letter was sent before suit was filed, and the complaint's references to an open account do not establish that plaintiff asserts state law claims. The complaint explicitly identifies plaintiff's cause of action as an admiralty and maritime claim under Rule 9(h), and plaintiff does not seek remedies under state law. The facts alleged demonstrate the applicability of maritime law, as they describe events that occurred in the Gulf of Mexico and charter agreements for a vessel. Moreover, plaintiff expressly asserts that defendants breached a contract for "marine services, specifically the chartering of a vessel pursuant to Time Charter."[6] *See, e.g.,*

---

[4]   R. Doc. 1-2

[5]   R. Doc. 1 at 2,4,5,12.

[6]   *Id.* at 14.

*Jambon & Associates, L.L.C. v. Seamar Divers, Inc.*, No. 09-2670, 2009 WL 2175980 (E.D. La. July 20, 2009) (plaintiff's claims regarding payment on open account arose from general maritime law of contracts, although plaintiff asserted only Louisiana state open account claims). Accordingly, defendant's request for a jury trial was improper under Federal Rule of Civil Procedure Rule 9(h). Further, the Court finds that defendant's argument that plaintiff should not be permitted to alter the nature of the trial at this late stage of the litigation is unpersuasive in light of the Court's grant of a continuance of the trial date upon defendant's request.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion to strike defendant's jury demand.

New Orleans, Louisiana, this 15th day of April, 2013.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

4