```
                     UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF LOUISIANA
```

OFFSHORE MARINE CONTRACTORS, INC.           CIVIL ACTION

VERSUS                                      NO: 10-4151,
                                            consol.

PALM ENERGY OFFSHORE, L.L.C. AND            SECTION: R
CHET MORRISON WELL SERVICES, L.L.C.

## ORDER AND REASONS

Before the Court are the motions to dismiss of H.C. Resources, LLC and Palm Energy Offshore, LLC,[1] which Chet Morrison Contractors, LLC opposes. For the following reasons, the Court DENIES the motions to dismiss.

**I.   BACKGROUND**

In 2010, Offshore Marine Contractors, Inc. filed suit against Palm Energy Offshore, LLC and Chet Morrison Well Services, LLC, seeking to recover charter fees and repair costs owed for Offshore Marine's vessel, the L/B Nicole Eymard. Offshore Marine alleges that defendants chartered its vessel for use on a job in the Gulf of Mexico. The vessel became stuck while working on the West Delta 55 well, and its legs were removed to free it. Offshore Marine contends that Palm Energy and/or Chet Morrison owe charter hire for the time that the L/B Nicole Eymard was in use, as well as the costs of repair and lost charter fees. Palm Energy and Chet Morrison filed crossclaims seeking indemnity and defense based on Master Service Agreements that the companies

---

    [1]    R. Docs. 141, 142.

executed. Chet Morrison also filed a third-party complaint against H.C. Resources (HCR), alleging negligence and breach of contract due to HCR's refusal to indemnify Chet Morrison for its work on the West Delta 55 well.

After hearing oral argument on November 28, 2012, the Court denied a number of motions for summary judgment filed by the parties.[2] The Court, however, granted HCR's motion for summary judgment on the grounds that the well at issue was not owned by HCR, as alleged by Chet Morrison, and HCR had no contractual obligation to indemnify Chet Morrison.[3] During oral argument, Chet Morrison asked for leave to amend its complaint, which the Court denied.[4]

On December 14, 2012, Chet Morrison Contractors, LLC, as the successor in interest to Chet Morrison Well Services, filed suit against Palm Energy and HCR.[5] The suit was consolidated with the existing litigation initiated by Offshore Marine. Chet Morrison claims that in the event it is found to have chartered the L/B Nicole Eymard, Palm Energy and HCR owe the full amount of charter hire to Chet Morrison, in addition to markup and interest.[6] Palm Energy and HCR now move to dismiss Chet Morrison's claims on the

---

[2]     R. Doc. 100.

[3]     R. Doc. 113.

[4]     R. Doc. 100.

[5]     No. 12-2973, R. Doc. 1.

[6]     *Id.*

grounds that Chet Morrison has failed to state a claim on which relief may be granted.[7]

## II. STANDARD

When a defendant attacks the complaint because it fails to state a legally cognizable claim, Rule 12(b)(6) provides the appropriate challenge. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1960 (2009)(quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 239 (5th Cir. 2009); *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal,* 129 S.Ct. at 1949.

## III. DISCUSSION

### A.   HCR's Motion to Dismiss

HCR contends that Chet Morrison's claims are barred by the doctrine of *res judicata*, since Chet Morrison could have brought

---

[7]   R. Docs. 141, 142.

them in the third-party complaint it filed against HCR in the earlier suit. A *res judicata* claim generally cannot be brought in a motion to dismiss and instead must be pleaded as an affirmative defense. *Test Masters Educ. Serv., Inc. v. Singh*, 428 F.3d 559, 570 n.2 (5th Cir. 2005). But, "when a successful affirmative defense appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate." *Kansas Reinsurance Co., Ltd. v. Cong. Mortg. Corp. of Texas*, 20 F.3d 1362, 1366 (5th Cir. 1994); *see also Fall v. Prudential-Bache Sec., Inc.*, No. 96-2026, 1996 WL 393241, *1 (E.D. La. July 12, 1996) (granting motion to dismiss on the basis of *res judicata*). Thus, the Court will consider whether it is evident on the face of the pleadings that the doctrine of *res judicata* bars Chet Morrison's claims against HCR.

  Under this doctrine, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).  The party asserting the defense of *res judicata* must demonstrate that: (1) the parties in the actions are identical or in privity; (2) the earlier judgment was rendered by a court of competent jurisdiction; (3) there was a final judgment on the merits; and (4) the same claim or cause of action is involved. *See Oreck Direct, LLC*, 560 F.3d at 401.

Chet Morrison does not dispute that this Court's grant of summary judgment qualifies as a judgment rendered by a court of competent jurisdiction, but it contests the other three necessary elements of a *res judicata* defense. First, Chet Morrison argues that the parties are not identical, because it filed a claim here as Chet Morrison Contractors, LLC, whereas an entity entitled Chet Morrison Well Services, Inc. filed the first suit. The Court finds this contention to be without merit. The new complaint states that Chet Morrison Well Services merged into the survivor entity Chet Morrison Contractors, LLC, which is the successor in interest to Chet Morrison Well Services' contracts.[8] *See Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1266 (5th Cir. 1990) (privity of interest exists where the non-party is the successor in interest to a party's interest in property). Chet Morrison cannot simultaneously distinguish itself from the entity that originally sued HRC and assert claims on behalf of that entity as its successor. The Court therefore Court finds that the requirement that the parties be identical or in privity has been satisfied.

Chet Morrison next challenges whether the Court's grant of summary judgment to HCR constituted a final judgment, since claims remain to be litigated in the suit. The Court granted HCR's motion for summary judgment and dismissed it from the

---

[8] R. Doc. 1 at 1-2.

suit.[9] Federal Rule of Civil Procedure 54(b) states:

> When an action presents more than one claim for relief-whether as a claim, counterclaim, crossclaim, or third-party claim-or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

In dismissing HCR from the suit, the Court did not make an express determination that a final judgment without delay was warranted. The Court therefore did not issue a final judgment in the manner required by Rule 58. *See* Fed. R. Civ. Pro. 58 ("Every judgment and amended judgment must be set out in a separate document."). Accordingly, Chet Morrison has not had the opportunity to appeal the Court's grant of summary judgment. *See Calmaquip Eng'g West Hemisphere Corp. v. West Coast Carriers, Ltd.,* 650 F.2d 633, 635 (5th Cir. 1981) ("This Court has held previously that a ruling which grants a motion for summary judgment by itself is not an appealable order."). HCR cites the Fifth Circuit Court of Appeals' holding that a case pending appeal is *res judicata* until reversed on appeal. *See Fidelity Standard Life Ins., Co. v. First Nat'l Bank & Trust Co.,* 510 F.2d 272, 273 (5th Cir. 1975). But, that case concerned the period

---

[9]  R. Doc. 113.

after a final judgment and before an appellate decision. It does not follow, as HCR contends, that the doctrine of *res judicata* may bar a claim without an appeal ever having been possible due to the lack of a final judgment. Accordingly, the Court finds that its dismissal of HCR did not constitute a final judgment such that Chet Morrison's claims against HCR are barred by *res judicata.*

HCR also contends that Chet Morrison's claims should be dismissed under the law of the case doctrine. During the oral argument held on November 28, 2012, the Court informed the parties that HCR's motion for summary judgment on Chet Morrison's third-party claims would be granted and HCR dismissed from the suit.[10] At that time, Chet Morrison requested leave to amend its complaint, which the Court denied.[11] HCR argues that Chet Morrison's new suit constitutes an attempt to amend its complaint despite the Court's denial of leave and that the Court's denial represents the law of the case.

The law of the case doctrine is intended to maintain consistency and avoid needless reconsideration of matters once decided during the course of a single lawsuit. *Society of the Roman Catholic Church v. Interstate Fire & Casulty Co.*, 126 F.3d 727, 735 (5th Cir. 1997). But, the Court is not bound to the

---

[10]     R. Doc. 100.

[11]     *Id.*

precedent it establishes and may revise an interlocutory order "at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." *Gulf South Machine, Inc. v. Am. Standard, Inc.*, No. 97-0065, 1999 WL 102753, at *1 (E.D. La. Feb. 22, 1999) (quoting Fed. R. Civ. Pro. 54(b)). A ruling on a motion for leave to amend is an interlocutory order. *See Suzlon Wind Energy Corp. v. Shippers Stevedoring Co.*, 662 F. Supp. 2d 623, 642 (S.D. Tex. 2009).

As previously stated, the Court rejects Chet Morrison's contention that it is a different entity than the Chet Morrison that filed the earlier claim against HCR. Moreover, the Court acknowledges that Chet Morrison's new lawsuit, which has been consolidated with the original suit, functions as an amended complaint by permitting Chet Morrison to raise new claims that it failed to bring in its original complaint. Nevertheless, the Court finds that it is not appropriate to dismiss Chet Morrison's claims under the doctrine of the law of the case.

Although a ruling on a motion for leave to amend is an interlocutory order, it is not the equivalent of a judgment on the merits of an issue that has been litigated. *See Ross v. Houston Indep. School Dist.*, 699 F.2d 218, 229 (5th Cir. 1983). The Court's order did not decide any substantive issues that will be relitigated as a result of Chet Morrison's new complaint. Further, in considering the effect of a district court's order denying leave to amend, the Fifth Circuit held that while the

8

order "does not expressly preserve the plaintiffs-appellants' right to file a new suit raising the issues asserted in the proposed amendment, such a reservation is implicit in its decision." *Id.* at 230. Here, the Court's order denying Chet Morrison leave to amend did not bar Chet Morrison from filing a new lawsuit. Moreover, the Court continued the trial date in the suit from January 28, 2013 to June 24, 2013, and therefore the inclusion of new claims will not prejudice HCR in the way that an amended complaint two months before trial would have. The Court therefore finds that Chet Morrison's claims against HCR should not be dismissed under the law of the case doctrine.

**B.   Palm Energy's Motion to Dismiss**

In a separate motion, Palm Energy contends that Chet Morrison's claims against it must be dismissed, because they should have been asserted as compulsory counterclaims in the original suit. Palm Energy filed a crossclaim against Chet Morrison, in which it contended that, pursuant to a Master Service Agreement signed by the parties on May 28, 2008, Chet Morrison owes defense and indemnity to Palm Energy for the claims asserted by Offshore Marine.[12] In its answer, Chet Morrison asserted a counterclaim, in which it argued that Palm Energy was responsible for any damage to Offshore Marine's vessel and that the Master Service Agreement between Palm Energy and Offshore

---

[12]   R. Doc. 26.

Marine requires Palm Energy to indemnify, defend and insure Chet Morrison.[13]

Under Federal Rule of Civil Procedure 13(g), a party may bring a crossclaim against its coparty if the claim arises out of the transaction or occurrence that forms the subject matter of the original action. "The crossclaim may include a claim that the coparty is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant." Fed. R. Civ. Pro. 13(g). A crossclaim is permissive, unlike a counterclaim against an opposing party, which must be brought if it arises out of the same transaction or occurrence as the opposing party's claim. Fed. R. Civ. Pro. 13(a).

Palm Energy argues that once it filed a crossclaim against Chet Morrison, Chet Morrison became an opposing party and thus was required to bring its claims against Palm Energy regarding the use of the L/B Nicole Eymard. Palm Energy cites several cases from other circuits in which courts treated coparties as opposing parties after one party filed a crossclaim. *See Kirkcaldy v. Richmond Cnty. Bd. of Educ.,* 212 F.R.P. 289 (M.D.N.C. 2002) (citing *Paramount Aviation Corp. v. Agusta,* 178 F.3d 132, 146 n.11 (3d Cir. 1999)); *Rainbow Mgmt Group., Ltd. v. Atlantis Submarines Haw., L.P.,* 158 F.R.D. 656, 660 (D. Haw. 1994). But, the Court need not determine whether to follow this

---

[13]   R. Doc. 27.

interpretation of Rule 13, because in the cases cited by Palm Energy, the courts stated that only substantive crossclaims, not crossclaims for indemnity or contribution, transform coparties into opposing parties. *Id.* This holding is consistent with the language of Rule 13(g), which identifies as a type of crossclaim liability for the causes of action brought against the cross-claimant.

Palm Energy limited its crossclaim against Chet Morrison to a demand for indemnity and defense. The Court therefore finds that Palm Energy's crossclaim did not convert Chet Morrison into an opposing party such that Chet Morrison needed to bring its claims against Palm Energy as compulsive counterclaims. Further, for the reasons discussed above, the Court finds that dismissal of Chet Morrison's claims under the law of the case doctrine is not warranted.

**IV. CONCLUSION**

For the foregoing reasons, the Court DENIES the motions to dismiss of Palm Energy and H.C. Resources.

New Orleans, Louisiana, this 15th day of April, 2013.

_____
SARAH S. VANCE

UNITED STATES DISTRICT JUDGE