```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

OFFSHORE MARINE CONTRACTORS,                 CIVIL ACTION
INC.

VERSUS                                       NO: 10-4151

PALM ENERGY OFFSHORE, LLC AND                SECTION: R
CHET MORRISON WELL SERVICES,
LLC

## ORDER AND REASONS

Defendant Chet Morrison Well Services, LLC and Chet Morrison Contractors (collectively, "Chet Morrison") moves to exclude as inadmissible hearsay the deposition testimony of John Dale Williams.

Williams, who Chet Morrison represents will testify at trial,[1] is not a party to this litigation and was not designated as a Rule 30(b)(6) representative of Chet Morrison. Moreover, Williams was not employed by Chet Morrison at the time of his deposition.[2] Thus, his testimony is not admissible under Federal Rule of Civil Procedure 32(a)(3) (allowing adverse party to "use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6)"), or Federal Rule of Evidence 801(d)(2)(D) (excluding statements of an agent or employee of a

---

[1]   R. Doc. 217-1 at 2.

[2]   OMC concedes that Williams is a former, rather than current, CMWS employee. *See* R. Doc. 230 at 5.

party-opponent made while the agency relationship existed from the definition of hearsay). *See, e.g.*, *Abbot Labs. v. Sandoz, Inc.*, 743 F. Supp. 762, 769 (N.D. Ill. 2010) (noting that depositions of witnesses who will testify live and who were not officers, directors, managing agents, or corporate designees of a party when deposed are admissible only for impeachment purposes).[3]

Accordingly, the Court GRANTS defendant's motion, with two provisos: (1) if Williams's trial testimony is inconsistent with his deposition testimony, any party may introduce his deposition to impeach his trial testimony, *see* Fed. R. Civ. P. 32(a)(2); and (2) should Williams fail to testify at trial, any party may seek to introduce his deposition testimony under Federal Rule of Evidence 804 or Federal Rule of Civil Procedure 32(a)(4).

New Orleans, Louisiana, this 21st day of June, 2013.

*Sarah Vance*

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[3]   OMC contends that "former employees . . . provide [deposition] testimony that is considered admissions by a party-opponent." R. Doc. 230 at 5 n.17. This is incorrect. In the case OMC cites in support, *Hybert v. Hearst Corp.*, 900 F.2d 1050 (7th Cir. 1990), the court permitted plaintiff to testify about what his supervisor, himself a member of defendant's management team, said when plaintiff was employed by defendant. The supervisor's statement was admissible as a statement of a party-opponent because the supervisor was an agent of the defendant at the time the statement was made. *See id.* at 1053 & n.6 (noting that the trial judge "found that the statements of [the supervisor] were made . . . in the course of his carrying out duties . . . which were assigned to him by management" of the defendant).