```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| OFFSHORE MARINE CONTRACTORS, INC. | CIVIL ACTION |
| VERSUS | NO: 10-4151 |
| PALM ENERGY OFFSHORE, LLC AND CHET MORRISON WELL SERVICES, LLC | SECTION: R |

## ORDER AND REASONS

Plaintiff Offshore Marine Contractors, Inc. ("OMC") moves to apply the "missing witness inference" as to Randy LaFleur, an employee of defendant Chet Morrison Well Services, LLC ("CMWS") at the time of the events giving rise to this suit.

It is true that "a party's failure to call available witnesses or produce evidence that would clarify or explain disputed factual issues can give rise to a presumption that the evidence, if produced, would be unfavorable to that party." *United States v. Wilson*, 322 F.3d 353, 363 (5th Cir. 2003).[1] But "[t]he court can only draw a negative inference when the missing witness has information 'peculiarly within his knowledge,' *i.e.*, a party need not call a witness if her testimony would be cumulative . . . ." *Id.* Based on the evidence submitted thus far, it is not apparent to the Court that LaFleur could provide any

---

[1] This rule is commonly known as the "uncalled-witness rule" and frequently has been applied in the Fifth Circuit. *Francois v. Diamond Offshore Co.*, No. 11-2956, 2013 WL 796728, at *1 (E.D. La. Feb. 26, 2013).

relevant testimony regarding the charter of the L/B Nicole Eymard that could not also be obtained from John Dale Williams, who made most of the arrangements concerning the vessel on behalf of CMWS.[2] Thus, LaFleur does not appear to have information "peculiarly within his knowledge" that is material to this suit. Furthermore, as CMWS points out, LaFleur is a *former*, rather than current, employee of CMWS, and hence is equally available to OMC. This constitutes another reason why application of the "missing witness inference" against CMWS is not appropriate on these facts. *Francois,* 2013 WL 796728, at *2 (noting that former employees of one party are equally available to both parties).

The Court notes that, because the finder of fact at trial will be the Court rather than a jury, there is little risk that any party will succeed in establishing propositions through "evidentiary subterfuge."[3] OMC's concerns on this score are unwarranted.

For the foregoing reasons, the Court DENIES plaintiff's motion.

New Orleans, Louisiana, this 21st day of June, 2013.

*Sarah Vance*

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[2]   Chet Morrison has represented that Williams will testify at trial.  R. Doc. 217-1 at 2.

[3]   R. Doc. 224-1 at 5.