UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

OFFSHORE MARINE CONTRACTORS, INC.                CIVIL ACTION

VERSUS                                            NO: 10-4151

PALM ENERGY OFFSHORE, LLC AND                     SECTION: R
CHET MORRISON WELL SERVICES, LLC

**ORDER AND REASONS**

Plaintiff Offshore Marine Contractors, Inc. (OMC) moves to exclude certain deposition testimony submitted by Chet Morrison Well Services, LLC and Chet Morrison Contractors, Inc. (collectively "Chet Morrison") in its Pre-Trial Memorandum.[1] The documents in question are (1) the deposition of Michael Eymard,[2] (2) the 30(b)(6) and individual deposition of Kim Pitre,[3] (3) the deposition of OMC through Kim Pitre,[4] and (4) the 30(b)(6) and individual deposition of Raimy Eymard.[5]

As OMC recognizes, Federal Rule of Civil Procedure 32(a)(3) provides that "[a]n adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)." Michael Eymard is the Chief Executive

---

[1]   R. Doc. 218.

[2]   R. Doc. 218-1.

[3]   R. Doc. 218-2.

[4]   R. Doc. 218-3.

[5]   R. Doc. 218-4.

Officer of OMC;[6] Kim Pitre is its Head of Accounting;[7] and Raimy Eymard is its part owner and exercises substantial authority over the dealings of the business.[8] Each of the three individuals deposed qualifies as an "officer" or "managing agent" of OMC, as they exercise significant discretion in directing OMC's activities and have purported to speak authoritatively concerning the events giving rise to this lawsuit. *See Terry v. Woodmen of Am.*, 57 F.R.D. 141, 143 (W.D. Mo. 1972) (noting that an individual will generally be considered a "managing agent" of a company if his interests are "identified with those of his principal," if he "could be relied upon to give testimony, at his principal's direction, in response to the demand of a party engaged in litigation with the principal," and if he is in charge of the particular matters sought to be discussed in the deposition); *United States v. The Dorothy McAllister*, 24 F.R.D. 316, 318 (S.D.N.Y. 1959) (listing as one important factor "whether the deponent is invested by his principal with general powers to exercise his judgment and discretion in dealing with principal's matters with respect to the subject-matter of the litigation"). Accordingly, Chet Morrison is entitled to use excerpts from the depositions of these parties "for any purpose," Fed. R. Civ. P. 32(a)(3), whether or not the parties were being

---

[6]   R. Doc. 220.

[7]   *Id.*

[8]   R. Doc. 218-4 at 2.

deposed as corporate representatives in the excerpts in question.

Moreover, OMC's claim that much of the testimony in question "falls outside of the scope of the corporate designations" and/or is irrelevant is without merit. The excerpts cited by OMC in its Memorandum in Support of its motion concern the business relationships among OMC, Chet Morrison, and Palm Energy Offshore as they relate to the charter of the L/B Nicole Eymard.[9] Such testimony is both relevant and comfortably within the areas of inquiry established by the 30(b)(6) designations.[10] To the extent the depositions contain any irrelevant testimony, the Court will of course decline to consider that evidence.

For the foregoing reasons, the Court DENIES plaintiff's motion to exclude the deposition testimony proffered by Chet Morrison.

New Orleans, Louisiana, this 21st day of June, 2013.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[9]  For example, the questions directed at Michael Eymard regarding OMC's claims in the Palm Energy Partners bankruptcy, see R. Doc. 225-1 at 7, are certainly relevant to the issue of which entity chartered the L/B Nicole Eymard, since Chet Morrison claims that OMC submitted claims for charter fees for the vessel in those proceedings.

[10]  In any event, "[i]f the examining party asks questions outside the scope of the matters described in the notice, the general deposition rules govern . . . so that relevant questions may be asked and no special protection is conferred on a deponent [because] the deposition was noticed under 30(b)(6)." *King v. Pratt & Whitney*, 161 F.R.D. 475, 476 (S.D. Fla. 1995).