UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

OFFSHORE MARINE CONTRACTORS, INC.  CIVIL ACTION

VERSUS         NO: 10-4151

PALM ENERGY OFFSHORE, LLC AND CHET  SECTION: R
MORRISON WELL SERVICES, LLC

**ORDER AND REASONS**

 The Court has reviewed and considered the objections of defendants Palm Energy Offshore, LLC ("PEO") and H.C. Resources, LLC ("HCR") to the introduction of the deposition testimony submitted by Chet Morrison Well Services, LLC and Chet Morrison Contractors, LLC (collectively "Chet Morrison"). PEO and HCR object to the use of the depositions of Jonathan Garrett and William Gray.

 "An adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)." Fed. R. Civ. P. 32(a)(3). Both Jonathan Garrett and William Gray were designated as corporate representatives of adversaries of Chet Morrison. Accordingly, Chet Morrison is entitled to introduce their deposition testimony into evidence under Rule 32(a)(3).

 Even if HCR and PEO are correct in asserting that counsel for Chet Morrison asked Garrett and Gray questions outside of the

scope of their respective corporate designations, the deponents'
testimony is not thereby rendered inadmissible. *See Todd v.
Precision Boilers, Inc.*, No. 07-0112, 2008 WL 4722338, at *3
(W.D. La. Oct. 24, 2008) ("The designation of areas of inquiry
for the deposition required under Rule 30(b)(6) limits the
subject matter the deponent is required to prepare for, but does
not restrict the examining attorney's inquiry."); *King v. Pratt &
Whitney*, 161 F.R.D. 475, 476 (S.D. Fla. 1995) ("If the examining
party asks questions outside the scope of the matters described
in the notice, the general deposition rules govern . . . so that
relevant questions may be asked and no special protection is
conferred on a deponent by virtue of the fact that the deposition
was noticed under 30(b)(6).").

PEO objects specifically to the introduction of the section
of Garrett's deposition "directly below page 129," noting that it
"does not have a page number and is not testimony but a statement
and/or question posed by the attorney."[1] The Court sustains this
objection, since PEO is correct that the excerpt contains no
testimony of Garrett. Chet Morrison may not introduce this
excerpt.

PEO also objects specifically to the testimony culled from
pages 138-141 on the grounds that the question calls for a legal
conclusion. The Court overrules this objection, because the
colloquy in question primarily concerns Garrett's understanding

---

[1]    R. Doc. 227 at 2.

of PEO's contractual agreement with Chet Morrison -- an issue on which he was qualified to testify.[2]

PEO and HCR may require that Chet Morrison include those additional portions of the depositions that PEO and HCR have referred to in their Objections, or PEO and HCR may introduce those portions themselves. *See* Fed. R. Civ. P. 32(a)(6) ("If a party offers in evidence only part of a deposition, an adverse party may require the offeror to introduce other parts that in fairness should be considered with the part introduced, and any party may itself introduce any other parts.").

It is so ordered.

New Orleans, Louisiana, this 21st day of June, 2013.

*Sarah Vance*
_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[2]     *See, e.g.*, PEO (Jonathan Garrett) Dep. 140:6-140:14 ("Q: Okay. Was it also your agreement with Chet Morrison that if they had to pursue a claim to recover sums owed under the contract, that in addition to the interest we have referred to, you owed Chet Morrison attorneys' fees? A: I would presume that is in . . . the agreement. That's standard language.").