```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

OFFSHORE MARINE CONTRACTORS, INC.          CIVIL ACTION

VERSUS                                     NO: 10-4151

PALM ENERGY OFFSHORE, LLC AND CHET         SECTION: R
MORRISON WELL SERVICES, LLC
```

## ORDER AND REASONS

The Court has reviewed and considered the objections of defendant Chet Morrison Well Services, LLC and Chet Morrison Contractors, LLC (collectively, "Chet Morrison") to the exhibits of the other parties, and rules as follows.

Offshore Marine Contractors, Inc. ("OMC") Exhibits 1-5, 7, and 13 (a Job Report, Daily Master's Logs, Daily Billing Logs, invoices, an Aging Report, and repair bills) are hearsay, but can be admissible as records of a regularly conducted activity. *See* Fed. R. Evid. 803(6); *cf. United States v. Towns*, No. 11-50948, 2013 WL 1809758, at *2 (5th Cir. Apr. 30, 2013) (noting that purchase logs are admissible under Rule 803(6)). Accordingly, subject to the proper foundation, these exhibits may be admitted.

OMC Exhibit 9, the List of Creditors Matrix from Palm Energy Partners' bankruptcy, is inadmissible. Given that Palm Energy Partners is not a party to this suit, the Court rules that a list of its creditors is irrelevant to this case. *See* Fed. R. Evid. 402.

OMC Exhibit 11 and Palm Energy Offshore, LLC (PEO) Exhibit 1, both affidavits of Jonathan Garrett, are hearsay and hence presumptively inadmissible.

OMC Exhibits 14-19 (e-mails) and OMC Exhibit 8 and PEO Exhibits 5-7 (written correspondence) are hearsay if they are offered for the truth of the matter asserted. *See, e.g.*, *Mary Kay, Inc. v. Weber*, 601 F. Supp. 2d 839, 850 (N.D. Tex. 2009) (noting that e-mails offered for the truth of the matter asserted constitute hearsay). Yet OMC Exhibit 8 (a letter concerning billing for the services of the L/B Nicole Eymard from Kim Pitre), OMC Exhibits 14-16 and 18-19 (e-mails among Jonathan Garrett, John Dale Williams, and Avis Bourg III, and others concerning the charter of the vessel), and PEO Exhibits 5-6 (letters from Kim Pitre and Leroy Guidry, respectively, concerning the billing for the charter of the vessel) are admissible to prove the knowledge of the recipient.

PEO Exhibit 7 is a letter from an attorney to the insurer of PEO. Since the knowledge of PEO's insurer is not at issue in this suit, this letter is presumptively inadmissible hearsay.

The Court finds OMC Exhibit 17 (a letter that says only "Attached is the e-mail correspondence that you requested from John") irrelevant and hence inadmissible. *See* Fed. R. Evid. 402.

New Orleans, Louisiana, this 21st day of June, 2013.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE