UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **OFFSHORE MARINE CONTRACTORS, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-4151** |
| **PALM ENERGY OFFSHORE, L.L.C., ET AL.** | **SECTION "R"(3)** |

**REPORT AND RECOMMENDATION**

Before the Court is the Motion to Set Attorneys' Fees and Costs [Doc. #262] filed by defendant Palm Energy Offshore, L.L.C. ("PEO"). Co-defendants Chet Morrison Well Services and Chet Morrison Contractors, L.L.C. (collectively, "CMWS") oppose the motion. For the following reasons, the Court recommends granting in part the motion.

**I.   Background**

This dispute arises out of outstanding charter fees for and damages sustained by a vessel when it became lodged in the seabed while plugging a well in the Gulf of Mexico. Plaintiff Offshore Marine Contractors, Inc. ("OMC") owns a fleet of lift boats used in oil well operations. On October 29, 2010, OMC sued defendants PEO and CMWS (collectively, "defendants") for failure to pay for the charter of one of OMC's vessels, the L/B Nicole Eymard.  OMC also sued defendants for breach of a separate oral agreement that defendants allegedly formed with OMC after one of the legs of the vessel became stuck. Under the terms of this alleged agreement, defendants promised to pay OMC for repair costs and lost charter fees if OMC cut the legs of the vessel to free it.

CMWS filed a counterclaim against OMC in which it alleged that the crew of the L/B Nicole

Eymard failed to exercise proper care in manning the vessel during the period in question and that OMC owed indemnity to CMWS for any liability by virtue of an agreement between OMC and PEO. PEO filed a crossclaim against CMWS asserting that CMWS was responsible for the charter fees and that CMWS was required to indemnify PEO against OMC's claims under an agreement between CMWS and PEO. CMWS in turn filed a counterclaim against PEO asserting that PEO was responsible for the charter fees and was required to indemnify CMWS under the agreement between the two companies. Finally, CMWS filed a third-party complaint against H.C. Resources, L.L.C. ("HCR"), contending that any losses suffered by OMC were the result of HCR's negligence and breach of contract. HCR moved for summary judgment on CMWS's claims against it, and the District Court granted the motion and dismissed HCR from this suit on December 11, 2012.

CMWS also filed a separate suit against HCR and PEO on December 12, 2012, alleging that if CMWS were found to have chartered the L/B Nicole Eymard, HCR and PEO were obligated to pay CMWS the cost of the charter, plus a 15% markup and interest for untimely payments. The complaint further alleged that the failure of HCR and PEO to pay the charter fees constituted a breach of contract. That case, captioned *Chet Morrison Contractors, L.L.C. v. Palm Energy Offshore, L.L.C. and H.C. Resources, L.L.C.*, No. 2:12-cv-02973, was consolidated with this suit per the District Court's February 6, 2013 order.

On June 24-25, 2013, the District Court conducted a bench trial on the claims of the parties. Relevant to this motion, the District Court concluded that CMWS owes PEO the attorneys' fees and costs that PEO incurred in defending against OMC's claims regarding the West Delta 55 job, repair costs, and downtime charter. [Doc. #243 at p. 34]. It also concluded that CMWS owes PEO its

attorneys' fees and costs that PEO incurred in bringing the crossclaim against CMWS for indemnity. [*Id.*]. The District Court affirmed this finding in its Order and Reasons dated December 30, 2013 in ruling on various motions to alter or amend the judgment. [Doc. #258 at p. 16].[1] PEO then filed this motion, seeking $257,789.73 in attorneys' fees and $7,635.56 in costs.

**II.     Analysis**

    **A.     THE LODESTAR APPROACH**

The United States Supreme Court and the Fifth Circuit have oft-repeated that a request for attorneys' fees should not spawn major ancillary litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Associated Builders & Contractors of La., Inc. v. Orleans Parish School Bd.*, 919 F.2d 374, 379 (5th Cir.1990). A court's discretion in fashioning a reasonable attorney's fee is broad and reviewable only for an abuse of discretion, *i.e.*, it will not be reversed unless there is strong evidence that it is excessive or inadequate, or the amount chosen is clearly erroneous. *Hopwood v. State of Tex.*, 236 F.3d 256, 277, n.79 (5th Cir. 2000); *Hensley*, 461 U.S. at 436-37.

To determine a reasonable fee, the court must provide a concise but clear explanation of its reasons for the fee award, making subsidiary factual determinations regarding whether the requested hourly rate is reasonable, and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit. *Hensley*, 461 U.S. at 437-39; *Associated Builders & Contractors*, 919 F.2d at 379. The Fifth Circuit has noted that its "concern is not that a complete litany be given, but that the findings be complete enough to assume a review which can determine

---

[1] The District Court referred the amount of attorneys' fees and costs to this Court for a report and recommendation. [Doc. #258 at p. 16].

whether the court has used proper factual criteria in exercising its discretion to fix just compensation." *Brantley v. Surles*, 804 F.2d 321, 325-26 (5th Cir. 1986).

In assessing the reasonableness of attorneys' fees, the court must first determine the "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney. *See Hensley*, 461 U.S. at 433; *Green v. Administrators of the Tulane Educ. Fund,* 284 F.3d 642, 661 (5th Cir. 2002); *Migis v. Pearle Vision, Inc.*, 135 F.2d 1041, 1047 (5th Cir.1998); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir.1995). The fee applicant bears the burden of proof on this issue. *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir.1996); *Kellstrom*, 50 F.3d at 324; *In re Smith*, 996 F.2d 973, 978 (5th Cir.1992).

### 1. Reasonable Hourly Rates

Attached to PEO's motion is the affidavit of Paul J. Goodwine, and the resumes of Goodwine, Holly Thompson and Addie Arvidson, counsel for PEO who performed the majority of the work in this lawsuit. In the affidavit, Goodwine attests to the hourly rates of the attorneys. Goodwine seeks an hourly rate of $375/hour to $425/hour; Thompson seeks an hourly rate of $250/hour to $300/hour; and Arvidson seeks an hourly rate of $230/hour to $270/hour. The rate increase for each attorney reflects the fact that the litigation ensued over a three-year period. Goodwine, Thompson and Arvidson have 19, 7 and 4 years experience, respectively.

Having reviewed the most recent case law in this district, the Court finds that, notwithstanding counsels' ability, competence, experience and skill, the hourly rates require an adjustment. The majority of the courts in this district sanction lower rates, and this Court is reticent to set new precedent in this area. *See, e.g., Barrack v. Pailet, Meunier & LeBlanc, L.L.P.*, Civ. A.

No. 12-2716, 2013 WL 6198861 (E.D. La. Nov. 27, 2013 (approving $250/hour for attorney with 24 years experience); *Cole v. Orleans Parish Sheriff's Office*, Civ. A. No. 11-2211, 2013 WL 5557416 (E.D. La. Oct. 8, 2013) (reducing hourly rates from $300/hour to $275/hour for attorney with 34 years experience and from $300/hour to $250/hour for attorney with 29 years experience); *Foley v. SAFG Retirement Servs., Inc.*, Civ. A. No. 10-2827, 2012 WL 956499 (E.D. La. Mar. 20, 2012) (reducing hourly rates from $450/hour to $350/hour for attorney with 30 years experience and from $300/hour to $275/hour for attorney with eight years experience); *Constr. Courht, Inc. v. Jenkins*, Civ. A. No. 11-1201, 2001 WL 3882271 (E.D. La. July 29, 2011) (approving $350/hour for partners with 30 and 36 years experience); *Johnson v. Big Lots Stores, Inc.*, 639 F. Supp. 2d 696 (E.D. La. 2009) (awarding $300/hour for partners, $225/hour for associates, and $75/hour for paralegals); *Creecy v. Metro. Prop. & Cas. Ins., Co.*, 548 F. Supp. 2d 279, 285 (E.D. La. 2008) (Roby, M.J.) (sanctioning $175/hour for associate with five years experience); *Orrill v. Mortgage Elec. Registration Sys., Inc.*, Civ. A. No. 06-10012, 2009 WL 4861994, at *3 (E.D. La. Nov. 7, 2008) (Roby, M.J.) (sanctioning $150/hour for associate with four years experience).  Given this precedent, the Court finds that hourly rates of $325/hour for Goodwine, $275/hour for Thompson, and $225/hour for Arvidson are reasonable.  The Court recognizes that these hourly rates are at the higher end of the spectrum in this district.  However, the Court also recognizes the tremendous effort expended by counsel in defending against and prosecuting claims during three years of litigation in this lawsuit.

The adjusted hourly rates above reflect an 18.75% decrease in Goodwine's requested hourly rate and a ten per cent decrease in Arvidson's hourly rate.  The hourly rate of $275/hour for

Thompson reflects the mean of her requested rates, so there is truly no change there. Because of this percentage decrease and because there are over 80 pages of time entries, the Court will reduce the award of attorney's fees by 14.38% (the midpoint between the two percentage reductions).[2]

The Court finds that the hourly rate of $210/hour for paralegal Chantelle B. Sarria is unreasonable in this district. Given the relevant precedent in this circuit, the Court finds that $100/hour for paralegal Sarria is reasonable and has found reasonable such an hourly rate before. *See Spectrum Communication Specialists, L.L.C. v. KMJ Servs., Inc.*, Civ. A. No. 09-159, 2009 WL 4163524 (E.D. La. Nov. 23, 2009); *see also Landry v. Caine & Weiner, Inc.*, Civ. A. No. 12-2060, 2013 WL 4591445 (E.D. La. Aug. 28, 2013) (approving hourly rate of $100/hour for paralegal); *Thompson v. Connick*, No. 07-30443, 2008 WL 5265197, at *26-27 (5th Cir. Dec.19, 2008) (approving hourly rates of $67 to $112 for paralegals as "at the upper range of what was reasonable in the" Eastern District of Louisiana from 2003 to 2007); *Collins v. Sanderson Farms*, 568 F. Supp. 2d 714, 728 (E.D. La. 2008) (awarding $95/hour for paralegals); *Wells v. Regency Hosp. Co.*, No. 07-3775, 2008 WL 5273712, at *3 (E.D. La. Dec.15, 2008) (Roby, M.J.) (reviewing cases and finding that $115 per hour for paralegal work was excessive and awarding $64 per hour); *Combe v. Life Ins. Co.*, No. 06-8909, 2008 WL 544547, at *3 (E.D. La. Feb.27, 2008) (Livaudais, J.) (awarding $70 per hour for paralegal work). Accordingly, the Court will reduce the fees awarded based on these reductions.

### 2. Reasonable Hours Expended

---

[2] The Court also finds this decrease necessary to reflect a reduction in the hourly rates of the other attorneys who performed minimal hours of work in this lawsuit and for whom there is no argument that their hourly rates are reasonable.

The Court must next determine whether the number of hours that PEO's counsel expended on the litigation was reasonable. Counsel argue that they have expended 1,201.9 attorney hours and 4.7 paralegal hours in this lawsuit. The burden of proving the reasonableness of the hours expended is on the fee applicant. *Mota v. Univ. of Tex. Houston Health Science Ctr.*, 261 F.3d 512, 528 (5th Cir. 2001). As a general proposition, all time that is excessive, duplicative and/or unproductive should be excised from any award of attorney's fees. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). Attorneys must exercise "billing judgment" by "writing off unproductive, excessive, or redundant hours" when seeking fee awards. *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996). The fee seeker's attorneys "are charged with proving that they exercised billing judgment." *Id.* at 770. When billing judgment is lacking, the court *must* exclude from the lodestar calculation the hours that were not reasonably expended.

This Court has reviewed line by line the billing statement submitted on behalf of PEO's counsel and finds the hours expended by counsel to be reasonable. While counsel for CMWS argues that PEO has utterly failed to prove the reasonable hours expended, the Court notes – and CMWS should by now know – that PEO has produced all of its time sheets to the Court under seal for *in camera* review. This lawsuit extended over a three-year period of time. The Court's review reveals that PEO has deleted many of the hours expended on the lawsuit that do not fall within the District Court's award of attorneys' fees. Indeed, if counsel deleted one time entry within a block entry as unauthorized by the District Court's order, counsel reduced the number of hours for the block entry as appropriate. And many time entries – such as those that address work for co-defendant HC Resources, L.L.C. – are deleted in their entirety. While CMWS challenges whether PEO's counsel

exercised "billing judgment," the Court's review of the billing statement satisfies it that PEO's counsel did so.[3]

### 3. Costs

Counsel also seek $7,635.56 in costs incurred in the filing of the motion.[4] Costs other than attorneys' fees shall be allowed as a matter of course to the prevailing party unless the court otherwise directs. Fed. R. Civ. P. 54(d). Section 1920 provides that a prevailing party may recover the following costs:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920(1)-(6). A court may award only those costs specified in Section 1920 unless there is explicit statutory or contractual authority to the contrary. *Mota v. Univ. of Texas Houston Health Science Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001). Allowable costs are limited to these categories, and expenses that are not authorized by statute must be borne by the party incurring them. *Crawford*

---

[3] The Court considered the twelve factors enunciated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), during its review of the hours. There is no truly no dispute that PEO is entitled to its attorneys' fees and costs here, as the District Court has already concluded that it is, and there is no argument that the *Johnson* factors warrant any upward or downward departure from the amount of fees sought by PEO.

[4] This amount reflects a 13% overall reduction by counsel for PEO.

*Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).

However, the United States Supreme Court and the Fifth Circuit have held that costs other than those authorized by Section 1920 are recoverable if there is statutory or contractual authorization to the contrary. *Mota v. Univ. of Tex. Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444-45 (1987)). PEO notes that the award of costs here arises from the contractual indemnity between the parties. Accordingly, Section 1920 is no bar to the costs requested by PEO. Having reviewed the costs incurred here, the Court finds no abuse of discretion on PEO's part. Indeed, PEO voluntarily reduced the amount of costs by 13% because the invoices do not segregate costs by purpose, only by task.

### III.     Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that the Motion to Set Attorneys' Fees and Costs [Doc. #262] be GRANTED IN PART to the extent that the Court recommends that PEO be entitled to an award of attorneys' fees in the amount of $220,202.57 and costs in the amount of $7,635.56, for a total award of $227,838.13.

As PEO asks, **IT IS FURTHER RECOMMENDED** that this award be offset by the $77,800.00 that PWO owes CMWS per the District Court's Order dated December 30, 2013. [Doc. #258]. With interest calculated from 30 days after the issuance of the invoices as set out in the District Court's order, this amount now totals $152,488.00. This offset thus results in an award of fees and costs to PEO from CMWS in the amount of **$75,350.13**.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 27th day of May, 2014.

                                    *Daniel E. Knowles, III*
                                    **DANIEL E. KNOWLES, III**
                                    **UNITED STATES MAGISTRATE JUDGE**