UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **OFFSHORE MARINE CONTRACTORS, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-4151** |
| **PALM ENERGY OFFSHORE, L.L.C., ET AL.** | **SECTION "R" (3)** |

REPORT AND RECOMMENDATION

Before the Court is Palm Energy Offshore, L.L.C.'s Supplemental Motion to Set Attorneys' Fees and Costs. [Doc. #285]. Co-defendants Chet Morrison Well Services and Chet Morrison Contractors, L.L.C. (collectively, "CMWS") oppose the motion. For the following reasons, the Court recommends granting the motion.

**I.    Background**

This dispute arises out of outstanding charter fees for and damages sustained by a vessel when it became lodged in the seabed while plugging a well in the Gulf of Mexico. Plaintiff Offshore Marine Contractors, Inc. ("OMC") owns a fleet of lift boats used in oil well operations. On October 29, 2010, OMC sued defendants PEO and CMWS (collectively, "defendants") for failure to pay for the charter of one of OMC's vessels, the L/B Nicole Eymard. OMC also sued defendants for breach of a separate oral agreement that defendants allegedly formed with OMC after one of the legs of the vessel became stuck. Under the terms of this alleged agreement, defendants promised to pay OMC for repair costs and lost charter fees if OMC cut the legs of the vessel to free it.

CMWS filed a counterclaim against OMC in which it alleged that the crew of the L/B Nicole

Eymard failed to exercise proper care in manning the vessel during the period in question and that OMC owed indemnity to CMWS for any liability by virtue of an agreement between OMC and PEO. PEO filed a crossclaim against CMWS asserting that CMWS was responsible for the charter fees and that CMWS was required to indemnify PEO against OMC's claims under an agreement between CMWS and PEO. CMWS in turn filed a counterclaim against PEO asserting that PEO was responsible for the charter fees and was required to indemnify CMWS under the agreement between the two companies.  Finally, CMWS filed a third-party complaint against H.C. Resources, L.L.C. ("HCR"), contending that any losses suffered by OMC were the result of HCR's negligence and breach of contract. HCR moved for summary judgment on CMWS's claims against it, and the District Court granted the motion and dismissed HCR from this suit on December 11, 2012.

CMWS also filed a separate suit against HCR and PEO on December 12, 2012, alleging that if CMWS were found to have chartered the L/B Nicole Eymard, HCR and PEO were obligated to pay CMWS the cost of the charter, plus a 15% markup and interest for untimely payments. The complaint further alleged that the failure of HCR and PEO to pay the charter fees constituted a breach of contract. That case, captioned *Chet Morrison Contractors, L.L.C. v. Palm Energy Offshore, L.L.C. and H.C. Resources, L.L.C.*, No. 2:12-cv-02973, was consolidated with this suit per the District Court's February 6, 2013 order.

On June 24-25, 2013, the District Court conducted a bench trial on the claims of the parties. Relevant to this motion, the District Court concluded that CMWS owes PEO the attorneys' fees and costs that PEO incurred in defending against OMC's claims regarding the West Delta 55 job, repair costs, and downtime charter. [Doc. #243 at p. 34].  It also concluded that CMWS owes PEO its

attorneys' fees and costs that PEO incurred in bringing the crossclaim against CMWS for indemnity. [*Id.*]. The District Court affirmed this finding in its Order and Reasons dated December 30, 2013 in ruling on various motions to alter or amend the judgment. [Doc. #258 at p. 16].[1] PEO then filed its first motion, seeking $257,789.73 in attorneys' fees and $7,635.56 in costs.

On May 27, 2014, this Court recommended that PEO be awarded $220,202.57 in fees and $7,635.56 in costs. [Doc. #276]. On September 25, 2014, the District Court adopted this Court's recommendation in full. [Doc. #280]. PEO now seeks supplemental fees in the amount of $62,927.50 and costs in the amount of $691.31, for a total amount of $63,618.81. These are the fees and costs incurred by counsel for PEO in conjunction with CMWS's appeal of the District Court's order and judgment. The United States Court of Appeal for the Fifth Circuit affirmed the District Court on March 2, 2015. [Doc. #282].

II.     Analysis

    A.     THE LODESTAR APPROACH

The United States Supreme Court and the Fifth Circuit have oft-repeated that a request for attorneys' fees should not spawn major ancillary litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Associated Builders & Contractors of La., Inc. v. Orleans Parish School Bd.*, 919 F.2d 374, 379 (5th Cir.1990). A court's discretion in fashioning a reasonable attorney's fee is broad and reviewable only for an abuse of discretion, *i.e.*, it will not be reversed unless there is strong evidence that it is excessive or inadequate, or the amount chosen is clearly erroneous. *Hopwood v. State of*

---

[1] The District Court referred the amount of attorneys' fees and costs to this Court for a report and recommendation. [Doc. #258 at p. 16].

*Tex.*, 236 F.3d 256, 277, n.79 (5th Cir. 2000);  *Hensley*, 461 U.S. at 436-37.

To determine a reasonable fee, the court must provide a concise but clear explanation of its reasons for the fee award, making subsidiary factual determinations regarding whether the requested hourly rate is reasonable, and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit.  *Hensley*, 461 U.S. at 437-39; *Associated Builders & Contractors*, 919 F.2d at 379.  The Fifth Circuit has noted that its "concern is not that a complete litany be given, but that the findings be complete enough to assume a review which can determine whether the court has used proper factual criteria in exercising its discretion to fix just compensation."  *Brantley v. Surles*, 804 F.2d 321, 325-26 (5th Cir. 1986).

In assessing the reasonableness of attorneys' fees, the court must first determine the "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney.  *See Hensley*, 461 U.S. at 433;  *Green v. Administrators of the Tulane Educ. Fund,*  284 F.3d 642, 661 (5th Cir. 2002);  *Migis v. Pearle Vision, Inc*., 135 F.2d 1041, 1047 (5th Cir.1998);  *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir.1995).  The fee applicant bears the burden of proof on this issue. *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir.1996);  *Kellstrom*, 50 F.3d at 324; *In re Smith*, 996 F.2d 973, 978 (5th Cir.1992).

### 1.    Reasonable Hourly Rates

This Court need not proceed through an analysis of the reasonable hourly rates of attorneys Paul Goodwine and Holly Thompson (and their paralegal), as it has done so before.  [Doc. #276]. Counsel have reduced their hourly rates in accordance with this Court's earlier recommendation. Accordingly, the Court finds that $325.00/hour for Goodwine, $275.00/hour for Thompson, and

$100.00/hour for paralegal Karen C. Seghers are reasonable.[2]

### 2. Reasonable Hours Expended

The Court must next determine whether the number of hours that PEO's counsel expended on the litigation was reasonable. Counsel argue that they have expended 1,201.9 attorney hours and 4.7 paralegal hours in this lawsuit. The burden of proving the reasonableness of the hours expended is on the fee applicant. *Mota v. Univ. of Tex. Houston Health Science Ctr.*, 261 F.3d 512, 528 (5th Cir. 2001). As a general proposition, all time that is excessive, duplicative and/or unproductive should be excised from any award of attorney's fees. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). Attorneys must exercise "billing judgment" by "writing off unproductive, excessive, or redundant hours" when seeking fee awards. *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996). The fee seeker's attorneys "are charged with proving that they exercised billing judgment." *Id.* at 770. When billing judgment is lacking, the court *must* exclude from the lodestar calculation the hours that were not reasonably expended.

This Court has reviewed line by line the billing statement submitted on behalf of PEO's counsel and finds the hours expended by counsel to be reasonable. While CMWS challenges whether PEO's counsel exercised "billing judgment," the Court's review of the billing statement satisfies it that PEO's counsel did so. PEO redacted numerous hours as excessive and/or not associated with the unpaid invoices that evidenced PEO's work. Counsel prepared PEO's appellate

---

[2] The Court notes that PEO also billed for the services of C. Jacob Gower and Emile J. Dreuil, III. PEO struck almost all of Gower's hours, apart from .8 of an hour at a rate of $150.00/hour. Dreuil billed 16.1 hours at $275.00/hour. Given that Gower has three years of experience and Dreuil has similar experience to Thompson, the Court finds these rates reasonable as well.

briefs, including a motion to strike and to file a sur-reply, and prepared for and attended oral argument. Time spent in preparation of the briefs included the time spent researching the cases cited by CMWS and research necessary for PEO's own briefs for two separate appeals filed by CMWS. The Court finds that PEO exercised billing judgment in its supplemental fee request. These hours are reasonable.

In its opposition, CMWS argues that fees are not warranted for the appeal. This Court finds otherwise. The District Court ordered that PEO is entitled to receive attorneys' fees and costs that "PEO incurred defending against OMC's claims regarding the West Delta 55 job, repair costs, and downtime charter, as well as fees it incurred in bringing the crossclaim against CMWS for indemnity." [Doc. #244]. This order was not restricted to the fees that PEO incurred at the district-court level. Neither is the Master Service Agreement – under which the District Court found that CMWS owes attorneys' fees and costs to PEO – restricted to litigation at the district-court level. PEO could not prospectively ask this Court to determine a fee award on appeal. Now that additional fees have been incurred because CMWS chose to appeal the decisions of the District Court, this Court will set additional fees in accordance with the District Court's order. The Court finds that the case law cited by CMWS is inapplicable as PEO could not have sought attorneys' fees at the appellate level before the District Court issued its order. The October 17, 2013 Order's silence as to appellate fees is not dispositive of the issue.

Indeed, CMWS's issues on appeal related to the defense of OMC's claims and the indemnity owed by CMWS. Said issues included whether "CMWS was barred by indemnity obligations from passing along costs to PEO." CMWS thus continued to challenge whether it owed PEO indemnity

for OMC's claims related to repair costs and downtime charter. In fact, this Court's review of the appellate briefs reveals that it was a focal point of the appeal and the reason that PEO had to participate in the appeal process in the first instance. The Court concludes that fees incurred in the appeal process clearly falls within the award of fees.

### 3. Costs

Counsel also seek $691.31 in costs incurred during the appeals process.[3] Costs other than attorneys' fees shall be allowed as a matter of course to the prevailing party unless the court otherwise directs. Fed. R. Civ. P. 54(d). Section 1920 provides that a prevailing party may recover the following costs:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920(1)-(6). A court may award only those costs specified in Section 1920 unless there is explicit statutory or contractual authority to the contrary. *Mota v. Univ. of Texas Houston Health Science Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001). Allowable costs are limited to these categories, and expenses that are not authorized by statute must be borne by the party incurring them. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).

---

[3] This amount reflects a 13% overall reduction by counsel for PEO.

However, the United States Supreme Court and the Fifth Circuit have held that costs other than those authorized by Section 1920 are recoverable if there is statutory or contractual authorization to the contrary. *Mota v. Univ. of Tex. Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444-45 (1987)). PEO notes that the award of costs here arises from the contractual indemnity between the parties. Accordingly, Section 1920 is no bar to the costs requested by PEO. Having reviewed the costs incurred here, the Court finds no abuse of discretion on PEO's part and will recommend an award of costs in the amount of $691.31.

## III.  Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Palm Energy Offshore, L.L.C.'s Supplemental Motion to Set Attorneys' Fees and Costs [Doc. #285] be GRANTED to the extent that the Court recommends that PEO be entitled to an award of attorneys' fees in the amount of $62,927.50 and costs in the amount of $691.31, for a total amount of $63,618.81.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 18th day of August, 2015.

_____
**DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE**